UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-1295 |
| | ) |
| MINDI NURSE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center, files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 12). This cause is now before the Court for a merit review of Plaintiff's Amended Complaint. The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. The Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff names Warden Mindi Nurse, Adalberto Torrez Jr., and Officer Ryan J. Slaton as Defendants.

1

Plaintiff alleges he was placed in segregation on November 28, 2022, after contraband was found in his cell during a shakedown. Plaintiff claims he was denied a fair hearing in violation of the Fourteenth Amendment because his cellmate admitted the contraband was his, but the Adjustment Committee members, Defendants Torrez and Slaton, ignored this exonerating evidence and found Plaintiff guilty. Plaintiff alleges that Defendant Nurse reviewed the evidence and the Adjustment Committee's findings, ignored his cellmate's statements, and upheld the guilty verdict. Plaintiff alleges he spent 90 days in segregation. Plaintiff's disciplinary ticket was later expunged.

## ANALYSIS

The Due Process Clause of the Fourteenth Amendment prohibits the deprivation "of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and those who seek to invoke its protection "must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest. Thus, the question is whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted).

A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Under Seventh Circuit precedent, "five months in segregation, standing alone,

2

is not enough to implicate a liberty interest that triggers due process rights. Fewer than six months in segregation, however, may still establish a liberty interest 'depending on the conditions of confinement.'" *Ealy*, 109 F.4th at 964 (quoting *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (internal citations omitted)).

Plaintiff does not allege a loss of good time credits or plead that he was held under atypical conditions in segregation. This is not enough to state a due process claim. *See Lekas v. Briley*, 405 F.3d 602, 613 (7th Cir. 2005) (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (lengthy period of segregation and harsh conditions may violate due process). Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The Court will allow Plaintiff a FINAL opportunity to file a Second Amended Complaint. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff shall have a final opportunity to file a Second Amended Complaint within 30 days from the entry of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Second Amended Complaint, or if it fails to state a claim for relief, his case will be dismissed with prejudice.**

ENTERED:  2/27/2025

s/ James E. Shadid  
James E. Shadid  
United States District Judge