UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSE PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    24-1295 |
| | ) |
| MINDI NURSE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff Jose Perez, proceeding *pro se* and currently incarcerated at Menard Correctional Center, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 16). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff files suit against Warden Mindi Nurse, Adjustment Committee Chairperson Adalberto Torrez, and Correctional Officer Ryan Slaton. Plaintiff did not name David Kennedy as a Defendant in his Second Amended Complaint. Therefore, Defendant Kennedy is dismissed without prejudice.

Plaintiff states he was placed in segregation on November 28, 2022, after contraband was found in his cell during a shakedown. Plaintiff claims he was denied a fair hearing in violation of the Fourteenth Amendment. Plaintiff alleges his cellmate, Deonta Davis, admitted the contraband was his, but the Adjustment Committee members, Defendants Torrez and Slaton, ignored this exonerating evidence and found Plaintiff guilty. Plaintiff alleges Defendant Nurse reviewed the evidence and the Committee's findings, ignored the exonerating evidence/statements made by Mr. Davis, and upheld the Committee's decision. Plaintiff alleges he spent 90 days in segregation. After submitting a grievance, Plaintiff's disciplinary ticket was later expunged.

Plaintiff alleges the conditions in segregation were inhumane and unsanitary. Specifically, he alleges his cell was covered with human and rodent feces. He asked for cleaning supplies, but his request was denied. The water from the faucet in his cell smelled and tasted of sewage. There were spider webs, spiders, and other insects, such as ants and cockroaches, in his cell. Plaintiff alleges he woke up multiple times at night when insects and rats crawled over him, making it difficult to sleep. Plaintiff also alleges he was unable to sleep because other seriously mentally ill (SMI) inmates yelled, screamed, and kicked their cell doors.

While he was in segregation, he was allowed to take one shower a week. When walking to the shower, the galleries were covered in human and rat feces; bird droppings were on the rails, bars, and walls; trash was strewn about; water leaked from the ceiling; the drains smelled of

sewage; cockroaches crawled on the shower walls and floors; sewage water back up and flooded the floor of the shower; and black mold covered the ceilings and showers.

Plaintiff alleges that these conditions caused fear, anxiety, and depression. The smell of sewage coming from the vent and sink in his cell caused him to cough, sneeze, and experience headaches. Plaintiff also sneezed, coughed, and developed a headache when he took a shower. Plaintiff states the drinking water caused him to vomit and feel faint and nauseous. Plaintiff states he wrote to the Health Care Unit about his symptoms, but he received no response or examination.

Plaintiff alleges he wrote multiple letters to Defendant Nurse complaining about the harsh conditions in segregation, but she ignored the letters and failed to correct any of the issues.

## ANALYSIS

The Due Process Clause of the Fourteenth Amendment prohibits the deprivation "of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and those who seek to invoke its protection "must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest. Thus, the question is whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted).

A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Hardaway v. Meyerhoff*, 734 F.3d 740,

743 (7th Cir. 2013); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (lengthy period of segregation and harsh conditions may violate due process). Under Seventh Circuit precedent, "five months in segregation, standing alone, is not enough to implicate a liberty interest that triggers due process rights. Fewer than six months in segregation, however, may still establish a liberty interest 'depending on the conditions of confinement.'" *Ealy*, 109 F.4th at 964 (quoting *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (internal citations omitted)).

      Here, Plaintiff alleges he was held in segregation for 90 days and subjected to harsh, inhumane, and unsanitary conditions. Plaintiff claims his cell was infested with insects and rodents, the walls were covered in feces, the water made him ill, and the smell of sewage coming from the sink drain and vent in his cell caused him to cough, sneeze, and develop headaches. When Plaintiff showered, he alleges that cockroaches crawled on the shower walls and floors, sewage water flooded the floor of the shower, and he was exposed to black mold. Plaintiff also claims it was impossible to sleep in segregation because rodents and insects crawled on him and other inmates yelled and kicked their cell doors. Although 90 days in segregation is a relatively short period of time, the Court finds that Plaintiff's allegations regarding the conditions of confinement in segregation are sufficient to proceed on a Fourteenth Amendment due process claim against Defendants Nurse, Torrez, and Slaton.

      Plaintiff's allegations regarding the conditions of segregation are insufficient to proceed on an Eighth Amendment claim, however. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). "Prisoners are, however, entitled to 'the minimal civilized measure of life's necessities.'" *Dixon*, 114 F.3d at 642 (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir.

1996) (quoted citations omitted). In a claim related to inhumane conditions of confinement, a plaintiff must establish an objective and subjective component. "To satisfy the objective component, a plaintiff must show that the deprivation alleged is 'objectively, sufficiently serious.' Specifically, the plaintiff must show that 'the prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities." *Staggs v. Hollenbeck*, 248 F.3d 1159 (7th Cir. 2000) (internal quotation marks and citations omitted). To establish the subjective component, a plaintiff must show that a defendant was deliberately indifferent, "that the official knew about the risk of harm, had the ability to prevent the harm, and failed to do so." *Williams v. Schmidt*, No. 14-487, 2019 WL 1046167, at *1 (W.D. Wis. Mar. 5, 2019) (citing *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)).

Plaintiff alleges he wrote letters to Defendant Nurse complaining about the unsanitary conditions in segregation, but Defendant Nurse did not respond or take action. An individual is liable under § 1983, however, only if he or she personally participated in the alleged deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Glasco v. Prulhiere*, No. 108CV1711DFHDML, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("[e]ven if [plaintiff] wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement and subject a prison official to liability under § 1983 merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates).

**IT IS THEREFORE ORDERED:**

**1)     Pursuant to the Court's merit review of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff states a plausible Fourteenth Amendment due process claim against Defendants Mindi Nurse, Adalberto Torrez, and Ryan Slaton. Additional claims shall not be included in the case above, except in the Court's**

discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendant David Kennedy is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendant Kennedy.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel.

**Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

**8) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.**

**9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**10) Plaintiff shall be provided a copy of all pertinent medical records upon request.**

**11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

Entered this 14th day of May, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE